## WILLIS v. MILLER, SHERIFF, ET AL.

[S. C. 31 Pac. Rep. 827.]

MORTGAGE — REDEMPTION BY GRANTEE OF MORTGAGOR — CODE, § 303.— Where lands have been sold on a mortgage foreclosure, and the offer of the grantee of the mortgagor to redeem, under Hill's Code, § 303, was refused by the sheriff under the direction of the mortgagee, who had purchased at the foreclosure sale, the certificate of redemption issued in the name of the mortgagor inures to the use and benefit of his grantee.

IDEM — CODE, §§ 303, 304.—A decree of foreclosure and sale under which mortgaged lands are purchased by the mortgagees extinguishes the mortgage lien; and the mortgagees cannot, under an *alias* execution, in satisfaction of a deficiency judgment against the mortgagor, sell a parcel of the same land, which a grantee from the mortgagor has redeemed from the foreclosure sale, under Hill's Code, §§ 303, 304. *Settlemire* v. *Newsome*, 10 Or. 446 overruled.*

LORD, C. J., dissents.

IDEM — DEFICIENCY JUDGMENT.—A personal judgment against a mortgagor, resulting from a mortgage foreclosure suit, does not create any lien against the mortgaged property after it has been redeemed by a grantee of the mortgagor. *Settlemire* v. *Newsome*, 10 Or. 446, overruled.

LORD, C. J., dissents.

Douglas County: MARTIN L. PIPES, Judge.

Bill in equity by W. R. Willis against S. C. Miller, sheriff, and S. C. Flint, personally and as administrator of the estate of Humphrey & Flint, to enjoin the sale of

---

* NOTE.—The question of who may redeem from an execution or foreclosure sale is discussed in an extended note to the case of *Horn* v. *Indianapolis Bank*, 21 Am. St. Rep. 243.—REPORTER.

certain real estate belonging to plaintiff. The bill was dismissed on demurrer, and plaintiff appeals. Reversed.

The material facts are these : On the twenty-sixth day of September, 1886, one R. Phipps, being the owner of several parcels of land, among which was the land now belonging to the plaintiff, mortgaged the same to Humphrey & Flint to secure the payment of a certain sum of money; two days thereafter, namely, on the twenty-eighth day of September, 1886, the plaintiff purchased the said land of the said R. Phipps, who duly conveyed the same to him, subject, with the other lands, to the mortgage aforesaid; subsequently Humphrey & Flint, as plaintiffs in a suit in the circuit court, foreclosed the aforesaid mortgage, and procured a decree providing for the sale of all said parcels of land, including the said land then owned by this plaintiff, in which it was adjudged in case said lands should not sell for enough to satisfy the amount or sum ascertained to be due, with costs and expenses, that Humphrey & Flint have judgment over and against the said R. Phipps, the plaintiff's grantor, for the deficiency. On the fifteenth day of October, 1888, an execution was issued on said decree and delivered to the sheriff, under which, on the first day of December, 1888, he sold in three separate lots all the lands so mortgaged, including the plaintiff's land. The aggregate sum realized from the sale of all said lands was some $3,000 less than the amount ascertained to be due, but the land of the plaintiff sold for the sum of $5,000. On the sixth day of May, 1889, after return of the sheriff duly filed, the court duly confirmed said sale, but before the time for redemption of said land had expired, the plaintiff offered to redeem the said land owned by him from such sale, and tendered the money, accompanied with the proper papers, to the sheriff, who, under the direction of the attorneys for the defendants Humphrey & Flint, refused to permit him to redeem, but offered to permit R. Phipps, plaintiff's grantor, to redeem the same, whereupon the plaintiff, to save said land so owned by him

XXIII. OR.— 23.

from being transferred to the purchaser at said sale, paid said money to the sheriff, and took a certificate of redemption in the name of his grantor, R. Phipps, and no other land was redeemed.

On the thirty-first day of December, 1891, the defendants Humphrey & Flint (plaintiffs in said decree and execution) caused an *alias* execution to be issued on said decree directing the sale of plaintiff's land, redeemed as aforesaid, for the balance still due on the decree; and the sheriff is attempting to sell plaintiff's land under said *alias* execution. Wherefore, in view of these facts, the plaintiff asks that the defendants be restrained from further proceedings in the matter; that the redemption and certificate of redemption be decreed to be for the use and benefit of this plaintiff, and that said *alias* execution be quashed and held for naught. The trial court sustained a demurrer to the complaint for the want of facts to state a cause of suit, and the plaintiff refusing to further plead, rendered a decree dismissing plaintiff's complaint, and for costs and disbursements, from which this appeal is brought.

*Andrew M. Crawford,* and *William R. Willis,* for Appellant.

All the claim that the defendants Humphrey & Flint held upon plaintiff's land, was the lien of their said mortgage, and the power therein granted to subject the same to public sale under decree of the court, which was done under the first execution. The sale was completed, the mortgage lien exhausted, and decree fully executed when the sale was confirmed by the court: Hill's Code, § 417; *Loring* v. *Illsley,* 1 Cal. 24; *Harlan* v. *Smith,* 6 Cal. 174; *Clayton* v. *Ellis,* 50 Iowa, 590; *Ogle* v. *Koerner,* 29 N. E. Rep. 565; *Myer* v. *Beal,* 5 Or. 131; *Malvey* v. *Carpenter,* 78 Ill. 580; Rorer, Judicial Sales, § 926; 1 Jones, Mortgages, § 953.

Mortgagee's purchase at sale extinguishes mortgage: *Marlow* v. *Benaugh,* 60 Ala. 323; *Lear* v. *Tatem,* 14 Bush,

Kentucky, 101; *Marlin* v. *Gilron*, 13 Nev. 489; *Hershey* v. *Dennis*, 53 Cal. 77; 1 Jones, Mortgages, § 954; 2 Jones, Mortgages (4 ed.), § 1720.

An *alias* execution cannot issue on a decree of fore-closure of a mortgage requiring said mortgaged premises to be sold after a sale has been made under a previous execution, and the decree as to sale of said premises fully executed: Freeman, Executions, §§ 19, 48; Rorer, Judicial Sales, § 926; Hill's Code, § 417; *Ogle* v. *Koerner*, 29 N. E. Rep. 563, 565; *Seligman* v. *Laubheimer*, 58 Ill. 124; *Rains* v. *Mann*, 68 Ill. 264; *Roberts* v. *Senain*, 68 Ill. 197.

Deficiency judgment must be enforced by ordinary execution, not by resale on decree: *Lauriat* v. *Stratton*, 11 Fed. Rep. 107, 110; *Rann* v. *Reynold*, 11 Cal. 14; Rorer, Judicial Sales, §§ 28, 209; 3 Pomeroy, Equity, § 216 and note; Hill's Code, § 417.

In the case at bar the mortgagor was divested of title to the premises long prior to the foreclosure proceedings, and the premises were purchased by a third party, from whom they were redeemed by plaintiff, who received cer-tificate of redemption in name of his grantor. The decree or judgment for money against plaintiff's grantor could not attach to plaintiff's lands, said grantor having long prior to foreclosure proceedings been divested of title, unless it be by reason of the redemption of the said premises in name of plaintiff's grantor, and such redemp-tion could not possibly have the effect to transfer the title from plaintiff to Phipps. The effect of redemption from a sale under decree on foreclosure of real mortgage is not to annul the sale or to renew the mortgage lien; it rescues the property from the sale and relieves the title from the dangers of transfer by the sheriff: Freeman, Executions, 231.

*Jas. F. Hamilton*, for Respondent.

To determine whether or not the land has been sold by the proceedings had under the first execution, it is necessary to ascertain the effect of the redemption by

the judgment debtor from the sale under the execution issued on the judgment of foreclosure. Effect of redemption from a sale made on execution issued on a judgment is the same as on execution issued on a decree of foreclosure of a mortgage in Oregon: Hill's Code, § 418; *Cartwright* v. *Savage*, 5 Or. 398; *Lauriatt* v. *Stratton*, 6 Saw. 340; *Kent* v. *Laffan*, 2 Cal. 595; *McMillan* v. *Richards*, 9 Cal. 412; *Harlan* v. *Smith*, 6 Cal. 174; 2 Jones Mortgages, §§ 1334, 1335, 1343.

Neither the judgment debtor or his assignee are redemptioners in a legal sense, but are persons entitled to prevent a sale by intercepting a sheriff's deed. Such a redemption by a judgment debtor or his assignee prevents a sale and preserves all liens: Rorer, Jud. Sales, § 1194; Freeman Ex. § 321; *Phyfe* v. *Riley*, 15 Wend. 248 (30 Am. Dec. 55); *Curtis* v. *Millard*, 14 Iowa, 128 (81 Am. Dec. 460); *Crosby* v. *Elkader Lodge*, 16 Iowa, 399; *Stein* v. *Chambless*, 18 Iowa, 474 (87 Am. Dec. 411); *Bradley* v. *Snyder*, 14 Ill. 263; *Knight* v. *Fair*, 9 Cal. 118; *McMillan* v. *Richards*, 9 Cal. 413; *Page* v. *Rodgers*, 31 Cal. 301; *Settlemier* v. *Newsome*, 10 Or. 446; *Bodine* v. *Moore*, 18 N. Y. 347; *State* v. *Allen*, 34 Ind. 57.

Cases on "all fours" with the case at bar are *Cauthorn* v. *I. & V. R. R. Co.* 58 Ind. 14; *Teal* v. *Hinchman*, 69 Ind. 385; *Stoddard* v. *Forbes*, 13 Iowa, 298; *Van Dyke* v. *Herman*, 3 Cal. 295; *McMillan* v. *Richards*, 9 Cal. 413.

The mortgage is merged in the judgment of foreclosure as a cause of action, but said judgment or merger does not abridge or extinguish the lien of the mortgage: *Evansville* v. *State*, 73 Ind. 219 (38 Am. Rep. 129); Freeman Judgments, § 398; *Hendershot* v. *Ping*, 24 Iowa, 134; *Stahl* v. *Roost*, 34 Iowa, 476.

Lord, C. J. (after stating the facts).—It is clear upon these facts that the plaintiff took his conveyance to the land in controversy subject to the mortgage. He was the successor in interest of Phipps, and as such became entitled to redeem the land. There was no authority

for requiring him to take the certificate of redemption in the name of Phipps, as the right of redemption given by the statute to the judgment debtor is also given to his successor in interest. This would seem plain. At the date of the mortgage to Humphrey & Flint, R. Phipps was the owner of the land, and for the purpose of redemption is to be deemed the judgment debtor in the decree providing for the enforcement of the lien of the mortgage. But at the date of the decree, the plaintiff had become the successor in interest of R. Phipps, and sustained the same relation to this decree as the successor in interest of a judgment debtor in a judgment at law: *Lauriat* v. *Stratton,* 6 Saw. 340 (11 Fed. Rep. 114). This being so, the taking of the certificate of redemption in the name of Phipps, under the circumstances, must operate for the use and benefit of the plaintiff, or it must be considered as if such certificate had been taken in his name as the successor in interest of R. Phipps. A redemption, then, by the plaintiff, as said by Mr. Justice DEADY, "at any time while the property was subject to redemption, whether before or after the confirmation of the sale, put an end to the proceeding, and thereafter such successor held the property as though no sale of the same had ever been been made": *Lauriat* v. *Stratton, supra.* Where the redemption is by the judgment debtor, whether before or after confirmation of the sale, the statute declares that "the effect of the sale shall terminate, and he shall be restored to his estate": Hill's Code, § 304. It seems to us that the same effect must be held to attend a redemption by the successor in interest of the judgment debtor, since the right of redemption, which is given by the statute to the judgment debtor, is also given to his successor in interest.

The principal question to be determined is, whether the land redeemed by the plaintiff as the grantee of Phipps is subject to resale for the payment of an unsatisfied portion of the decree or judgment for deficiency rendered against Phipps? The contention for the plain-

tiff is, that when the land owned by him was sold by the
sheriff to the mortgagee under the decree foreclosing the
mortgage upon it and other lands, and the sale of the
same was confirmed by the court, the lien of the mort-
gage was extinguished, and if there remained any portion
of the decree unsatisfied by reason of such lands not
selling for a sufficient sum to pay the whole of it, the
judgment for such deficiency, when docketed, became, by
force of general law, a lien upon any lands owned then
or thereafter by the judgment debtor Phipps, but not
against any land plaintiff had purchased of Phipps anter-
ior thereto; and, consequently, that when he redeemed
the land so owned by him by payment of the sum required
therefor, for the benefit of the purchaser or mortgagee,
the effect was to terminate the sale, and to restore him to
his estate, freed from the mortgage lien and decree for
the unpaid balance.  On the other hand, the contention
for the defendant is, that when the land of the plaintiff
was sold under the decree of foreclosure and sale, with
other lands covered by the mortgage, and the sum real-
ized from such sale was less than the amount found to be
due on the mortgage, and plaintiff redeemed the land
from the sale, the mortgage and decree continued as a
lien on his land for the unpaid balance.

Our Code provides for the foreclosure of a lien of a
mortgage by a suit in equity in which the property sub-
ject to the mortgage lien shall be adjudged "to be sold
to satisfy the debt secured thereby;" and in such suit, in
addition to the decree of foreclosure and sale, where
there is a promissory note or other personal obligation
for the payment of the debt, "the court shall also decree
a recovery of the amount of such debt against such per-
son or persons, as the case may be, as in the case of an
ordinary decree for the recovery of money": Hill's Code,
§ 414.  And it further provides, that when a decree of
foreclosure and sale is given, it may be enforced by an
execution "against the property adjudged to be sold,"
but that when the decree is also *in personam*, and "the

proceeds of the sale of the property upon which the lien is foreclosed is not sufficient to satisfy the decree as to the sum remaining unsatisfied, the decree may be enforced by execution as in ordinary cases": Hill's Code, § 413. The decree has the effect to bar the equity of redemption, but the property sold thereon "may be redeemed in like manner and with like effect" as property sold upon a judgment, "and not otherwise": Hill's Code, § 414. By sections 303 and 304, it is provided that the judgment debtor, or his successor in interest, may redeem at any time prior to the confirmation of sale, on certain terms therein specified, and also after confirmation of sale, but "if the judgment debtor redeem at any time before the time for redemption expires, the effect of the sale shall be terminated, and he shall be restored to his estate." By section 405, the provisions of title XVI. of chapter II. of this Code, providing for the docketing of judgments, and that they shall be a lien upon all the real property of the defendant within the county, etc., is made to apply to decrees.

It is contended that when a suit is instituted for the foreclosure of a lien of a mortgage, and a decree is made directing that the property subject to such lien "shall be sold to satisfy the debt secured thereby," that by the terms of the statute, when the sale is made in accordance therewith, it operates to extinguish the lien. The sale, it is said, measures the value of the property, and is made "to satisfy the debt secured thereby," by appropriating its proceeds in discharge of the lien. This, it is claimed, becomes all the more apparent in the light of the other provisions for a personal judgment upon which, for any deficiency or unpaid balance, an execution may issue, as in ordinary cases. Hence the conclusion that when the grantee of the judgment debtor, after the sale, redeemed the property, the lien upon it had been extinguished or merged, and the plaintiff was restored to his estate freed from the mortgage lien.

In support of this position, several cases are cited and

relied upon, among which is *Ogle* v. *Koerner*, 140 Ill. 17
(29 N. E. Rep. 563), in which the court says: "A mort-
gage, or, as in this case, a deed of trust in the nature of
a mortgage, vests in the party secured a lien upon the
mortgaged premises.   By virtue of that lien, the mort-
gagee is entitled to have the mortgaged property sold
under a decree of foreclosure, and the proceeds of the
sale applied to the payment of the debt secured.   This is
the mode provided by law for the enforcement of the
lien; and when the lien has been once enforced by the
sale of the property, it has, as to such property, ex-
pended its force and accomplished its purpose, and the
property is no longer subject to it.   When the redemp-
tion is made by a party primarily liable on the mortgaged
debt, it may be that the same property may be resorted
to again for the purpose of subjecting it to the payment
of an unpaid balance due on the mortgage; but it is not
because of any right to enforce the mortgage lien against
the property a second time, but because of the rule of
law which subjects all the property of the debtor to the
payment of his debts until they are satisfied in full.   But
where the redemption is made by a party not liable upon
the mortgage debt, the mortgage lien having been ex-
hausted, the property cannot be subjected a second time
to the satisfaction of the same lien." In *Clayton* v. *Ellis*,
50 Iowa, 595, the court says: "If the redemption of the
whole or any parcel is made by the debtor, the judgment
to the extent of the balance due thereon would constitute
a lien on the premises in his hands, and they might be
sold again on execution based on said judgment.   But we
see no reason why the debtor may not sell his right of
redemption, and his vendee redeem by paying the amount
of the bid, interest, and cost." And the court further
said, after expressing "the opinion that the better rule
is, that the lien of the judgment as to the unsatisfied
balance on the real estate sold is, as to all persons and in
all cases, divested by the sale," that "this simplifies the
law on this subject, and uniformity is thereby attained,

which is certainly desirable," and that "this view is supported by the statute, which provides that when the property has been sold in parcels, any distinct portion may be redeemed by itself." So, also, in *Lauriat* v. *Stratton*, 6 Saw. 340 (11 Fed. Rep. 114), Mr. Justice DEADY said: "The decree and sale operate to extinguish the lien upon the premises of all the parties alike, and therefore it only exists against the proceeds of the sale."

The Code expressly provides that "the debts secured by such liens"—that is, the liens ascertained and determined by the decree—"shall be satisfied out of the proceeds of the sale of property." Some other cases are cited, but these are sufficient to show the basis of the plaintiff's contention. As a result, the case at bar stands in this wise: The plaintiff bought the property subject to the mortgage. To satisfy and discharge the debt for which the land was mortgaged, the mortgagees seized the property under the decree of foreclosure and sold it. The plaintiff, as successor in interest of the judgment debtor, redeemed it, which had the effect to terminate the sale, and restore him to his estate divested of the lien of the mortgage. The defendants received the benefit of the sale, or the proceeds of it, in payment of their debt, and it operated as a sale to them, and consequently to extinguish the mortgage lien upon the land; and as the personal judgment for the deficiency is against the judgment debtor Phipps, it could not, when docketed, have created any lien against the property of the plaintiff, nor could any execution issued upon such judgment affect it. This view, and its attendant consequences, I am authorized to say, my associates think is supported by the statute, and is the better and just one.

On my own behalf, I am obliged to say that I am unable to acquiesce in this doctrine. I do not think that the decree of foreclosure and sale merges or extinguishes the lien of the mortgage. The mortgage lien is a specific one, and the judgment obtained is a general one. The suit of foreclosure is a remedy for the enforcement of

the lien, and certainly is not intended to have the effect to impair or abridge the mortgage lien. That effect can only be accomplished by payment of the mortgage debt, or a release. The lien was created by the mortgage, and the decree neither added to nor took anything from it, and the effect of the sale under it was vacated or terminated by the redemption, and thereafter the mortgage and judgment of foreclosure stood as though no sale had ever been made. In *Goddard* v. *Renner*, 57 Ind. 536, the court says: "When the real property is redeemed from a sale under execution, either by the owner or some one else acting in his behalf, the certificate of sale is simply annulled, and the property restored to the position it occupied before the sale, with the judgment lien or liens reïnstated for any balance or balances remaining unpaid, and may be resold to discharge such judgment lien or liens." See also *Teal* v. *Hinchman*, 69 Ind. 385. The object of the sale is to cut off the equity of redemption and the rights of all subsequent incumbrancers. As to such the sale may extinguish their liens, since they are bound to protect themselves, when parties to the decree, by bidding on the property, as *Lauriat* v. *Stratton*, 11 Fed. Rep. 114, illustrates and declares.

The foreclosure and sale is intended to cut off all subsequent incumbrancers that are made parties, so that to protect themselves they must bid on the property or suffer the consequences of the extinguishment of their liens, as the object of the sale is to dispose of the property to the highest bidder; and this consequence to the later incumbrancer is calculated to promote a healthy competition and make the property bring its full value. But the decree of foreclosure and sale does not supersede the mortgage and extinguish the lien for any unpaid balance, when the property is redeemed by the judgment debtor or his successor in interest, for in that case the effect of the redemption is to vacate the sale, or so far as the property is concerned, it stands as though no sale had ever been made.

The view expressed by Mr. Austin Abbott is in point upon this subject. He says: "Our law requires that the mortgagee should apply to a court of equity, not for the purpose of cutting off the mortgage and selling the land under the judgment as land is sold under execution, but for the purpose of establishing the mortgage, and cutting off the equity of redemption and the rights of all intermediate claimants. The decree of foreclosure does not supersede the mortgage. The mortgage remains upon the record, and is the foundation of the decree, and it is the title which was pledged by the mortgage, thus freed from subsequent incumbrances, which the court sells. Foreclosure starts with the mortgage, and trims off all later excresences. To regard it as an execution sale, intended to prune off the mortgage, is to reverse the legal fact and imagine the less can include the greater. The legal fact involved in a decree of foreclosure, so far as the title to the land is concerned, is that the court lays hold of the title which was in the mortgagor at the time of the mortgage, and which was expressed to be conveyed thereby, cuts off all later incumbrancers that are made parties, and transfers the disincumbered right and title to the highest bidder. The decree merges the cause of action for foreclosure, * * * but it does not merge the title to the land in the foreclosure case": *Evansville Gas Light Co* v. *State*, 73 Ind. 219 (38 Am. Rep. 133, note). As bearing upon this point, the following authorities may be consulted: Note in 20 Am. L. Reg. 683; *Anderson* v. *Anderson*, 129 Ind. 574 (28 Am. St. Rep. 211; 29 N. E. Rep. 35); *Pence* v. *Armstrong*, 95 Ind. 207; *Settlemeir* v. *Newsome*, 10 Or. 446; Freeman, Judgments, § 398.

It may be admitted that the case presents some harsh features, but in my view of the law, I do not see how the plaintiff can be relieved. But as the majority of this court has reached a different conclusion, the decree must be reversed.