# Loyd *v.* Oates.

## *Statutory Action of Ejectment.*

1. *Trial by court without jury; finding on facts; appeal.*—Where a
   case is tried by the court without a jury, and no special find-
   ing of the facts is made or requested, and the facts are not
   agreed upon, the conclusion of the judge stands as the verdict
   of a jury, and cannot be revised on appeal.
2. *Deed; execution; acknowledgment.*—Where a deed, executed by a
   person unable to write his name, has the name written there-
   on by another person, and a cross-mark is placed between the
   Christian and surname, but the words "Her mark" are omit-
   ted, and the deed is then acknowledged in proper form before
   a proper officer, it is valid.
3. *Same; same; same; burden of proof.*—The party objecting to a
   deed, which has been regularly acknowledged, has the burden
   of proof of such facts as would overcome the legal effect of
   the acknowledgment, before his objection will be sustained.
4. *Same; same; same.*—Where a husband and wife appear before a
   proper officer and acknowledge their signatures to a convey-
   ance, the conveyance is valid, although neither of them actu-
   ally signed their names. The acknowledgment is a sufficient
   adoption of the signatures as their own.
5. *Same; description of property.*—Where a deed conveying a body
   of lands contains an exception which is void for uncertainty
   of description, the validity of the deed is not affected. The
   invalidity is applicable to the exception alone.
6. *Same; same.*—Where the description in a deed contains the
   words "Less eighty acres sold W. S. Oates before," the excep-
   tion is not void for uncertainty, as it might be made certain
   by evidence *aliunde*.

APPEAL from Circuit Court of Henry.

Tried before Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, W. S. Oates
against F. M. Loyd. There was a judgment for the plain-
tiff, from which the defendant takes this appeal. A state-
ment of facts is unnecessary.

[Loyd v. Oate.]

ESPY & FARMER, for appellant.

H. A. PEARCE, *contra.*

DENSON, J.—The record shows that this case was tried by the court without the intervention of a jury, and a judgment was rendered in favor of the plaintiff. There was no special finding of the facts by the court nor was a special finding requested nor were the facts agreed upon. On this state of the case it has been several times ruled by this Court, that the conclusion of the judge stands as the verdict of a jury and cannot be revised on appeal.—Code of 1896, § § 3319, 3321; *Guillman v. Gurly,* 85 Ala. 594; *Western Union Telegraph Co. v. White & Co.,* 129 Ala. 188; *Norrille v. State,* 131 Ala. 35.

After the plaintiff had offered in evidence a patent to the lands sued for, issued to Wiley Deese by the government of the United States on the 25th day of May, 1885, he then offered as evidence a deed from Wiley Deese and his wife Caroline Josephene Deese to plaintiff, bearing date November 8th, 1894, and covering the lands sued for.

It was admitted that at the time the said deed purported to have been executed, Wiley Deese was occupying the lands as a homestead and that it did not exceed in area and value the limitations fixed by the statute relating to homestead exemptions. It was further admitted that Caroline Josephene Deese was the wife of Wiley, and was living with him at the time the deed purported to have been executed, and that she could not write her name. The deed purported to have been acknowledged in due form as required by the statute relating to acknowledgments or conveyances of the homestead.—Code, 1896, § 2034.

It was admitted that the signature of the notary public who took the acknowledgments of the deed was genuine and that he put his signature to the acknowledgments as an officer.

The plaintiff objected to the deed, on the grounds that it was illegal, irrelevant and that the wife could not write her name and the words "her mark" were not written against her name or over it, and because there was no

attesting witness to the signature, and that there was no acknowledgment by an officer authorized to take acknowledgment of the purported signature. Notaries public are authorized under Code, 1896, § 993, to take acknowledgments of conveyances.

We find upon an inspection of the deed, as set out in the bill of exceptions, that the name Caroline Josephene Deese appears to be signed to the deed and that the cross mark appears between the name Josephene and the name Deese but that the words "her mark" do not appear.

Section 982 of the Code, 1896, provides that, conveyances for the alienation of lands must be signed at their foot, and if the party is not able to sign his name it must be written for him with the words "his mark" written against the same or over it, and that where the party cannot write the signature must be attested by two witnesses. Under section 984 of the Code, an acknowledgment of the deed operates a compliance with section 982 of the Code.

The *onus* was on the defendant to prove such state of facts as would overcome the legal effect of the acknowledgment. The bill of exceptions on this subject simply states that it was admitted Caroline Josephene Deese could not write her name; for aught that appears from the record some one wrote her name for her, and if so it was with the acknowledgment an effectual signature.

Moreover, this Court has held (and we think correctly held) that, if a husband and wife appear before an officer and acknowledge their signature to a conveyance, the conveyance is valid although neither of them actually signed their names. This ruling was based upon the theory that the acknowledgment was a sufficient recognition and adoption of the signatures as their own.— *McClendon v. Equitable Mortgage Co.*, 122 Ala. 384: *Lewis v. Watson*, 98 Ala. 479.

At the end of the description of the lands in the deed, are these words, "less eighty acres sold to W. S. Oates before." It has been argued by counsel for appellant that this clause in the deed renders it void for uncertainty. If it be conceded that the general objection to

the deed noted above, presents this question for consideration, yet we cannot agree with counsel that the clause renders the deed void.    The clause must be construed as an attempt to except eighty acres from the conveyance, and not designating any particular eighty, the question of invalidity if applicable. is only applicable to the exception and does not affect the validity of the deed.—*Frank v. Meyers*, 97 Ala. 437.    Moreover, the exception is not void as it might be made certain by evidence *aliunde*. The court did not err in overruling the objection to the deed.

In the condition the evidence was, at the time the court sustained plaintiff's objection to the question asked by defendant's counsel of the witness Taylor, we cannot say there was error in the court's ruling.

No error being found in the record the judgment is affirmed.

Affirmed.

McClellan, C. J., Haralson and Dowdell, J.J., concurring.