Submitted on briefs June 9, affirmed June 16, 1914.

## ROUSE *v.* RIVERTON COAL CO.

### (142 Pac. 343.)

**Equity—Pleading—Cross-bill.**

1.   Under Section 390, L. O. L., abolishing cross-bills except in a law action, where a matter material to defense is cognizable only in equity, and Sections 74, 401, authorizing any proper defense to an equity complaint by counterclaim, there can be no such thing as a cross-bill in an equity suit.

   [As to the nature and objects of cross-bills, see note in 83 Am. Dec. 251.]

**Landlord and Tenant—Possession of Premises—Estoppel to Deny Landlord's Title.**

2.   Neither a tenant nor his successor in interest can deny the title of his landlord.

   [As to estoppel by tenant to deny landlord's title, see notes in 15 Am. Dec. 40; 89 Am. St. Rep. 62.]

**Vendor and Purchaser—Mutual Rights—Jurisdiction of Equity.**

3.   Where one gave an option to plaintiff to purchase coal land, reserving five acres of the surface to the vendor, the boundaries of which were to be located by the vendor within 60 days from the date of the option, neither the plaintiff nor his assignee is entitled to relief in equity under a cross-bill to reform the option on the ground that the boundaries of the reserve tract were not fixed within the agreed time, where they were fixed before the plaintiff or his assignee was entitled to a deed.

From Coos: JOHN S. COKE, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

This is a suit by David S. Rouse against the Riverton Coal & Development Company, Irvin Urquhart and John R. McGee. The facts are as follows:

An option for the term of ten years from· April 1, 1904, to purchase a certain 110 acres of coal land was given by Alexander Urquhart to Rouse on specified terms. The election to purchase was to be exercised within five years, and five acres of the surface thereof was excepted therefrom, including the dwelling-house and outbuildings. The boundaries of the exception were to be definitely located by Urquhart within 60 days from January 12, 1904. Beginning with March 13, 1907, Rouse took an oral lease of the dwelling from month to month, and occupied and paid rent therefor to Urquhart, until the 15th day of April, 1909. The acceptance of the option by the Riverton Coal & Development Company, the assignee of the option from Rouse, was made by payment of the first installment of the price on April 1, 1909. On December 1, 1910, Irvin Urquhart, owner thereof and successor to Alexander Urquhart, sued the said Rouse in ejectment for the possession of the said five-acre tract so reserved from the said option, in which the same is described by metes and bounds. In September, 1911, this suit was commenced as a cross-bill in equity to the said action for the alleged purpose of reforming the option from Alexander Urquhart to Rouse. On the 9th of April, 1912, there was filed by Irvin Urquhart an answer to Rouse's cross-bill, denying the complaint, except as expressly admitted, and a cross-bill to the said cross-bill of Rouse, alleging title as reserved in the said option; that at the time of the commencement of the ejectment action, and ever since, Rouse was in possession of the

said five acres, and wrongfully withholds the possession thereof from Irvin Urquhart, and that, at the time of the assignment of the option to the coal company, Rouse was in possession as the tenant of Urquhart.

The cross-bill of Urquhart was demurred to, but it does not appear what disposition was made of the demurrer, and exceptions are taken only to the decree. A decree was rendered in favor of Urquhart, and the defendant coal company appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).          AFFIRMED.

For appellant there was a brief over the name of *Mr. E. D. Sperry.*

For respondent, Irvin Urquhart, there was a brief over the names of *Mr. Joseph W. Bennett, Mr. Bennett Swanton, Mr. Tom T. Bennett* and *Mr. C. R. Barrow.*

No appearance for other respondents.

MR. JUSTICE EAKIN delivered the opinion of the court.

1. First we should call attention to the fact that pleading by cross-bill in equity is an anomaly under our code, for there can be no such thing. By Section 390, L. O. L., cross-bills are abolished except in a law action, where a matter material to the defense is cognizable only in equity. To defenses to a complaint in equity, Sections 74, 401, L. O. L., apply, providing that any proper defense to an equity complaint may be interposed by counterclaim. Frequently pleading comes to this court filed as a cross-bill in an equity suit. When possible, we have treated such a cross-bill as a counterclaim: See *Howe* v. *Kern,* 63 Or. 487 (125

Pac. 834, 128 Pac. 818); *Le Clare* v. *Thibault,* 41 Or. 601 (69 Pac. 552); *Krausse* v. *Greenfield,* 61 Or. 502 (123 Pac. 392, Ann. Cas. 1914B, 115).

2, 3. The relief sought by the cross-bill filed by Rouse asks only that the agreement between Urquhart and Rouse be reformed to conform to the facts set out therein; but neither in the complaint nor in the prayer is it alleged or shown that there is error in the contract, nor of what the error consists. The purpose seems to be to have the contract conform to alleged subsequent conditions. There is an effort on the part of Rouse to wrest from Urquhart all interest in the excepted five acres on the ground that Urquhart did not establish the boundaries thereof within 60 days from the 12th of January, 1904. Rouse was occupying the five-acre tract as the lessee of Urquhart, and, we are to infer, claims to have included such possession in his assignment of the option to the coal company; but he could not deny the title of his landlord, and probably that is the reason he thought he could not defend at law, and his successor is in no better position in that respect than was he. By the assignment the coal company did not acquire the possession adversely to Urquhart: See *Jones* v. *Dove,* 7 Or. 467; *Willis* v. *Miller,* 23 Or. 352 (31 Pac. 827). It is not denied that Rouse occupied the five acres under his lease until April 15, 1909, and so far as appears still so occupies. Therefore both he and the coal company are precluded from denying the title of Urquhart. Rouse could not by his own act change landlords without first surrendering his possession to Urquhart, which he has not done. The cross-bill of Urquhart alleges that Rouse has been in the actual use and possession of the five

acres as tenant of Urquhart, which is admitted. The reservation is:

"Except the use of five acres of the surface thereof, which five acres is a part of the portion thereof which has heretofore been in cultivation, and is to extend back from the river front in such form as to include the dwelling-house and outbuildings thereon, and the boundaries of which five acres is to be definitely located by the said parties of the first part (Urquhart and wife) within 60 days from the date hereof (January 12, 1904)."

Thus its approximate location is specified as from the river front back to include the buildings on the cultivated ground, and Urquhart is given the exclusive right to fix the boundaries; but failure of the owner to fix the boundaries within the 60 days did not amount to a conveyance or an abandonment thereof to the optionee. In this case the owner did fix the boundaries before the action for possession was commenced and before the defendant was entitled to a deed. This was only an option, which on April 1, 1909, became a contract to sell, and is not like an exception from a deed, which would be construed to convey the whole land regardless of the attempted reservation: See *Pearce v. Watts,* L. T. 20 Eq. 492. However, although the reservation is incomplete, the means of making it complete and definite is provided to be exercised by the plaintiff, and was in fact made definite before defendant was entitled to the deed: See *Loyd v. Oates,* 143 Ala. 231 (38 South. 1022, 111 Am. St. Rep. 39). And defendant in the action is not shown even by a cross-bill to have been in any way prejudiced by the delay in marking the boundaries of the five-acre tract, but has occupied it during all this time without question.

The decree is affirmed.    Affirmed.