155 So. 560

## WELDON v. BATES.
### 5 Div. 178.

Supreme Court of Alabama.
May 17, 1934.

Rehearing Denied June 28, 1934.

Jas. W. Strother, of Dadeville, for appellee.

W. C. Woodall, of Tallassee, and Holley & Milner, of Wetumpka, for appellant.

THOMAS, Justice.

The bill as amended is by the wife to cancel a mortgage on the husband's land.

It has been declared that the wife cannot, ordinarily, maintain a bill to avoid the conveyance of the husband of the homestead in the absence of due allegation and proof that the husband fails to act in the premises. Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Seaman v. Nolen, 68 Ala. 463. Here, the bill alleges the wife and husband are living apart, and there is no aver-

ment that the husband has abandoned the wife or that he failed or refused to act to the end of cancellation of the mortgage; hence the court should not have granted relief at the instance of the wife alone. Fies & Sons v. Lowery, supra.

 It is established that the act of certifying an acknowledgment is the exercise of a judicial function, and conclusive of certification, when the certifying officer acquires jurisdiction by having the grantor and the instrument to be acknowledged before him as such officer, and then and there exercises such jurisdiction; that "the resulting certificate is conclusive of the truth of all those facts therein stated, which the officer is by law authorized to state, until successfully assailed" (1) for duress, or (2) for fraud participated in by the grantee, or (3) brought to his notice when parting with the consideration. Fies & Sons v. Lowery, 226 Ala. 329, 331, 147 So. 136.

It is not maintained that there was a lack of consideration for the mortgage, or that the husband did not execute the same, and the bill as first amended (as of date of November 17, 1931) asserts "that the mortgage * * *, has been satisfied and paid in full prior to the time this suit was instituted."

The burden rested upon the complainant throughout the proceeding, acting for or as to the husband and his land in the impeachment of the notarial certificates attached to and as part of the mortgage; and this burden is required to be discharged by evidence that is "clear and convincing, 'reaching a high degree of certainty, leaving upon the mind no fair, just doubts.'" Freeman v. Blount, 172 Ala. 655, 664, 55 So. 293, 296; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Mutual Life Ins. Co. of New York v. Maddox, 221 Ala. 292, 128 So. 383.

We have examined the evidence, and it is not of that high and exacting degree which the rule that obtains in such a case requires. The mere denial of the wife, the conflicting tendencies in the testimony of the husband, and the tendency of evidence as to the contradictory position taken by him in the United States court as to the mortgage (Luling v. Sheppard, 112 Ala. 588, 21 So. 352; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Taylor v. Crook, Adm'r, 136 Ala. 354, 356, 34 So. 905, 96 Am. St. Rep. 26; Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811; Alabama Water Co. v. City of Anniston, 223 Ala. 355, 135 So. 585; Phillips v. Sipsey Coal Mining Co., 218 Ala. 296,

118 So. 513), indicate the inefficiency of complainant's evidence to impeach and overcome the sanctity of the certificate and acknowledgment made by the officer and his evidence showing jurisdiction in the matter.

Whether Mrs. Bates wrote her name or not, if she duly acknowledged the mortgage and execution of the same as her act, and as required by law, his certificate is conclusive and the mortgage was valid. Purser v. Smith, 200 Ala. 573, 76 So. 931; Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 111 Am. St. Rep. 39; McClendon v. Equitable Mortgage Co., 122 Ala. 384, 25 So. 30; Lewis, Adm'r, v. Watson, 98 Ala. 479, 13 So. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82.

We are of opinion, and so hold, that the trial court was in error in granting complainant relief under the amended bill and the weight of evidence in rendition of the final decree.

The decree of the circuit court is therefore reversed, and one here rendered dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.