131 So.2d 852

Jewell FORD et al.

v.

Charles FAUCHÉ.

4 Div. 54.

Supreme Court of Alabama.

June 22, 1961.

J. O. Sentell, Jr., Montgomery, for appellants.

Ben H. Lightfoot, Luverne, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of the respondents to the original bill of complaint as a whole and to each and every aspect thereof.

The allegations of the bill of complaint which was filed June 16, 1960, in substance, show the following. Complainant Charles Fauché, also known as Larry Foshee (appellee), is the grandson of Julian C. Ford, deceased, and Gussie Ford, deceased, and is the sole surviving heir of Gussie Ford, deceased. Prior to January 16, 1899, Gussie Ford was the owner in fee simple of the lands involved in this suit. On January 16, 1899, Julian C. Ford procured a deed to the aforesaid lands along with other lands, purporting to bear the signature of his wife Gussie Ford and her mother Martha Bradley. A copy of the deed is attached to the bill of complaint, made a part thereof and marked Exhibit "A" for identification. This deed shows the following.

1. The deed recites a consideration of $6,835.50, the receipt of which is acknowledged by Martha Bradley and Gussie Ford.

2. The deed contains the usual warranties.

3. The deed purports to be signed, sealed and delivered in the presence of E. B. Dorman, J. P., and W. J. Warner.

4. The certificate of general acknowledgment purports to have been signed by E. B. Dorman, a Justice of the Peace of Crenshaw County, Alabama, on January 16, 1899.

5. A certificate of separate acknowledgment purports to have been signed by E. B. Dorman, a Justice of the Peace of Crenshaw County, Alabama, on January 16, 1899.

The deed purports to have been filed for record in the Probate Court of Crenshaw County, Alabama, on January 28, 1899.

The allegations of the bill further show that Gussie Ford did not sign the aforesaid deed conveying the property to her husband and that the purported signature on the deed is not the signature of Gussie Ford, that the purported execution of the aforesaid deed was not the signature of Gussie Ford but was done by a person or persons unknown to him and was a fraud upon her rights and privileges.

The bill further avers that should the court find that Gussie Ford acquiesced in the fraudulent conveyance in that the signature on the deed was the signature of Gussie Ford, deceased, the acquiescence and

signature was involuntary on her part and was a result of fear, duress, compulsion and undue influence exercised over her by her husband.

The complainant further avers that his delay in bringing this action was due to the fact that Julian E. Ford, the surviving husband of Gussie Ford, held a life estate in the lands and that he died in January, 1960.

The respondent, Jewell Ford (appellant), is the widow of Julian C. Ford by a marriage after the death of Gussie Ford and the respondents Sidney Ford Tatom and Mary Exa Ford (appellants), are the children of the marriage of Julian C. Ford and Jewell Ford.

All of the parties to the suit are over the age of twenty-one years.

It is further alleged that Julian C. Ford bequeathed the lands described to the respondents by will which was probated in Crenshaw County, Alabama, in January, 1960. A copy of the will is attached to the bill of complaint, made a part thereof and marked Exhibit B for identification.

The will, which devised the lands described in paragraph two of the complaint, was made by Julian C. Ford on August 21, 1950. Julian C. Ford devised in Item Six of the will approximately 263 acres of land to Mary Exa Ford and Sidney Ford, subject to the right of his son, Leeman Ford, to live on and cultivate the land without payment of rent. The will makes no other reference to the son Leeman Ford.

Julian C. Ford devised 240 acres of land absolutely and unconditionally to the complainant in Item Seven of the will.

The bill further alleges that there is no suit pending to test the title to the lands and the complainant offers to do equity.

The bill of complaint prays in substance (1) that the deed be set aside and declared null and void, (2) that the will of Julian C. Ford insofar as it relates to the lands described in the bill be declared null and void, (3) that complainant as the sole surviving heir of Gussie Ford, deceased, be declared the owner of the lands as against the respondents and (4) for general relief.

I. From the allegations of the bill it appears that the only basis of the claim of the appellee to the lands involved in this suit is the fact that he is the sole heir of Gussie Ford, deceased. See Lansden v. Bone, 90 Ala. 446, 8 So. 65. As the sole heir of Gussie Ford, deceased, the complainant (appellee) seeks to set aside the deed made by Gussie Ford to her husband, Julian Ford, which purports to have been executed on January 16, 1899. The complainant seeks to set aside this deed on two grounds, (1) that the deed purporting to be executed by Gussie Ford was not in fact executed by her and (2) that if the deed was executed by Gussie Ford it was executed as the result of duress on the part of Julian Ford, her husband.

The demurrer of the defendants to the bill takes the position, among others, that the complainant is barred from the relief which he seeks by prescription.

As pointed out it is alleged that the deed was not signed by Gussie Ford but by some one not known to the complainant and was a fraud upon her rights and privileges. However, the execution of the deed was duly acknowledged before an officer authorized to take such acknowledgment. When the purported grantor duly acknowledges the execution of a deed before an officer authorized to take such acknowledgment, the execution of the deed is valid even though the grantor did not actually sign the deed. Lewis v. Watson, 98 Ala. 479, 13 So. 570, 22 L.R.A. 297; McClendon v. Doe, 122 Ala. 384, 25 So. 30; Loyd v. Oates, 143 Ala. 231, 38 So. 1022; Weldon v. Bates, 229 Ala. 169, 155 So. 560. Furthermore when a certifying officer acquires jurisdiction by having the grantor and the instrument before him, the resulting certificate of acknowledgment is conclusive of the facts therein stated in the absence of fraud or duress. Weldon v. Bates, supra;

Woolen v. Taylor, 249 Ala. 455, 31 So.2d 320. An averment that the purported grantor did not sign the conveyance is insufficient to impeach the regularity of a certificate of acknowledgment appearing on a conveyance. Woolen v. Taylor, supra; Montgomery v. Parker Bank & Trust Co., 256 Ala. 20, 53 So.2d 566.

■ There is no allegation that the deed was a forgery and there is no allegation impeaching the certificate of the acknowledgment. Construing the allegations of the bill against the pleader, the bill shows that the deed was executed and acknowledged more than twenty years before the filing of this suit. The date of the death of Gussie Ford is not alleged but the children of Julian Ford, the surviving husband of Gussie Ford, and Jewell Ford, the second wife of Julian Ford, are alleged to be over the age of twenty-one years when the bill was filed. If the children of Julian Ford and Jewell Ford were over the age of twenty-one years when the bill was filed, then Gussie Ford died more than twenty years before the filing of this suit. Accordingly, the complainant in this suit acquired whatever rights he may have in and to the property involved in this suit more than twenty years before this suit was filed. It is obvious that the deed obtained from Gussie Ford by Julian Ford was not void but at the most voidable. The claim of the complainant to relief rests not on the legal succession to the title but on the equitable right to be invested with such succession. Floyd v. Green, 238 Ala. 42, 188 So. 867; Milliner v. Grant, 253 Ala. 475, 45 So.2d 314.

■ The deed from Gussie Ford to Julian Ford is attached to the bill as Exhibit A and made a part of the bill. This deed shows that Gussie Ford conveyed the legal title to the property to Julian Ford who in turn bequeathed the property to the respondents, that is, Jewell Ford, Sidney Ford Tatom and Mary Exa Ford. Since there is nothing in the bill to the contrary, the aforesaid respondents are shown to be in possession of the property at the time the bill was filed, since the law presumes that those who have the title, are in possession of the property. Finch's Executors v. Alston, 2 Stew. & P. 83, 87, 23 Am.Dec. 299; 73 C.J.S. Property § 14 d, p. 204.

■ We have been laying the ground work for prescription as a defense to the charge that Gussie Ford did not sign the deed, but what we have said equally applies to prescription as a defense to the charge that Julian Ford procured the deed from his wife, Gussie Ford, by duress.

Prescription is a rule of repose and it has been often stated by this court but in Oxford v. Estes, 229 Ala. 606, 158 So. 534, 538, it is so well stated, that we quote from that case as follows:

"Prescription, as a bar to actions of law or in equity, is a rule of repose; aims at an end of controversies touching title to property; fixes twenty years as the absolute limit beyond which courts will not inquire; applies to express trusts which have lain dormant, unrecognized, and unasserted for twenty years; no disabilities such as infancy, prevent or suspend the running of the twenty year period. The rule is bottomed on the doctrine that demands unasserted for so long a time, either had no foundation in justice, or have been adjusted.

"Failure of memory, loss of evidence, death of parties, the probability that the whole truth cannot be ascertained and justice done, enter into the equation as a reason for the rule. It is not a presumption merely, but a rule of law, raising an absolute bar to ancient causes of action. * * *."

If the complainant is barred by prescription from asserting the claim which he seeks to set forth in the present bill, there is no need to deal with laches.

II. But it is claimed that the prescriptive period has not run against the complainant

because Julian Ford, the husband of Gussie Ford, had a life estate in the lands of Gussie Ford, deceased, until his death in 1960. This is not correct. We are not dealing here with the right to possession of the land but we are concerned with the invalidity of the deed vel non of Gussie Ford to Julian Ford. The complainant as the sole heir of Gussie Ford cannot fail to take action year after year from the time of her death and permit the title to remain of record in Julian Ford. It is not his right of possession but his title which is at stake. In Herren v. Beck, 231 Ala. 328, 164 So. 904, 906, this court said:

> "There is a well-defined principle of our cases ·to the effect that when a remainderman's title passes out of him, but subject to his equitable right to have it reinvested or to be subjected to a lien or trust, such right and duty to sue occurs as soon as the instrument is executed, not affected by the circumstances of its recordation. That duty is not postponed because the grantor in the instrument does not possess the immediate right of possession, but is subject to a life estate. He must not wait until the life estate terminates, without being chargeable with the time intervening, since his action does not affect his possession, but his title. So that the period of time necessary to complete the bar or prescription is not in that event affected by the period of such life estate. * * *"

See also Wise v. Helms, 252 Ala. 227, 40 So.2d 700.

From the foregoing authorities it clearly appears that the period of prescription has run against the complainant from the time of the death of Gussie Ford, despite any life estate which Julian Ford may have had in the property. It is not necessary to discuss prescription as running during any other period from the time the deed was executed until the time the bill was filed.

It results that the decree of the lower court is reversed with directions to the lower court to enter a decree sustaining the demurrer to the bill and each aspect thereof.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.