51 So.2d 867

### CHAPMAN v. TURNER et al.

#### I Div. 366.

Supreme Court of Alabama.

April 12, 1951.

424

Fred G. Collins and Vincent F. Kilborn, of Mobile, for appellant.

Paul S. Jones, of Grove Hill, for appellees.

BROWN, Justice.

The appeal in this case is by the complainant in the circuit court from the final decree of that court denying relief and dismissing the bill which she filed on the 29th day of September, 1947, seeking to cancel and set aside a deed purporting to convey one hundred and sixty acres of land and to have been executed by the complainant and her cotenant on the 19th of October, 1918. On its face it was duly acknowledged and recorded on the 29th day of March, 1919, in the office of the Judge of Probate of Clarke County. The deed naming Charles L. May as the grantee, recites a consideration of one hundred dollars cash in hand paid and describes the lands according to government survey in Sections 22 and 27, Township 10 North, Range 2 West in Clarke County.

The grounds upon which cancellation is sought are that said deed is a forgery and was not signed by the purported grantors.

The defendants answered asserting that the deed was validly executed, that it had been on record for more than twenty years and in confirmation thereof offered proof showing a paper title from the common source of title with complainant and continuous adverse possession thereunder for more than ten years, and pleaded laches on the part of the complainant.

On submission on pleading and proof given *ore tenus* the court denied complainant relief and dismissed her bill on the ground that the complainant had failed to show by satisfactory evidence that the deed of date of October 19th, 1918, was a forgery.

The due execution and acknowledgment and the prompt recordation of said deed was *prima facie* evidence of its execution and its execution was supported by affirmative testimony of the draftsman and notary who prepared the deed and took and certified to the acknowledgments thereto. Its due recordation made it self proving. Code 1940, Tit. 47, § 104. The burden of proof was imposed on the complainant by the allegations of her bill, though they were negative in form, to show "by clear and

convincing evidence reaching a high degree of certainty, leaving upon the mind no fair just doubt" of their truthfulness. Freeman v. Blount, 172 Ala. 655, 55 So. 293; 26 C.J.S., Deeds, § 203, p. 629–630.

The complainant was not in possession at the time of filing her bill and had not claimed possession or paid taxes thereon for more than ten years. The evidence is without dispute that the property was assessed for taxes by C. L. May for the years 1919 to 1930, that E. Q. Mathers who held and foreclosed a mortgage executed by said May assessed the property for the years 1931 and 1932, and for the year 1933 it was assessed by T. J. Bedsole, since deceased. Thereafter for the years 1934–1936 it was assessed by Mrs. Mary Bedsole who took by will from her husband T. J. Bedsole, the immediate predecessor in title of the respondents, who have been in continuous possession and have regularly assessed the same up to the time of the filing of the bill. The only recent assessment shown to have been made by the complainant was in 1941.

The recordation of the deed was constructive notice to all persons dealing with the property, including the complainant, and the evidence shows that she had actual notice that said deed was on record as early as the summer or fall of 1935. Moreover if as alleged in the bill the deed was a forgery, "it has no legal existence either in a court of equity or a court of law", and the complainant not being in possession had an adequate remedy at law to test the validity of said deed. Brown v. Hunter, 121 Ala. 210, 25 So. 924.

After due consideration of the evidence we concur in the conclusion expressed in the decree that complainant has failed to meet and carry the burden which she assumed by the allegations of her bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.