80 So.2d 649

Zack ROGERS, Jr.

v.

Annie Wiley SYKES et al.

2 Div. 330.

Supreme Court of Alabama.

May 26, 1955.

Thompson & Gilmore, Butler, for appellant.

Grady W. Hurst, Jr., Chatom, for appellees.

MAYFIELD, Justice.

This is an appeal from a final decree rendered by the Circuit Court of Choctaw County, in Equity.

The complainant-appellant is a practicing attorney and solicitor in Choctaw County, Alabama. The complainant represented Annie Wiley Sykes in an action of divorce against her husband, Charlie Hale Sykes, who did not employ counsel. It is not disputed that the complaining solicitor represented and protected his client's interests with a high degree of professional competency.

By the terms of a voluntary property agreement, dated 27 December 1952, the husband Sykes agreed to pay the wife's solicitor $150 attorney's fee in the divorce action. This agreement, along with other provisions, was incorporated in the divorce decree of 2 January 1953. The husband paid this amount to the wife's solicitor by check which was introduced in evidence, in this proceeding, along with a receipt for the solicitor's fee and costs marked "paid in full".

The present controversy revolves around the contention of the wife's solicitor, who is the complainant in the cause now at bar, that the wife, Annie Wiley Sykes, agreed to pay him an additional attorney's fee for his services in the divorce action.

After the rendition of the decree of divorce which embraced a substantial property settlement, the wife's solicitor presented her with a mortgage in the amount of $600 against the homestead which he had recovered for her in the divorce action and requested her to execute this instrument. This she refused to do. The wife's solicitor then filed a lis pendens on this home to secure the payment of the additional solicitor's fee which he claims to be due.

The decree of divorce ordered the husband to execute a warranty deed to the homestead in favor of his wife. It appears that this deed was executed, filed for record, but withdrawn before recordation; the husband and wife having effected a reconciliation during the interim. It was obviously for this reason that the husband was made a party-respondent to the present action to enforce an attorney's lien, claimed by the wife's solicitor as additional attorney's fee.

The husband and wife answered the bill of complaint jointly and prayed by way of

cross-bill that a decree be entered removing the notice of lis pendens as a cloud upon respondents' title.

From the Chancellor's decree, denying the relief prayed for in the complaint and granting the relief prayed for in the cross-bill, the complainant here prosecutes this appeal.

The complainant introduced testimony of numerous conferences with the wife and contends that through his advice, and as a result of his efforts, she recovered ten to twelve thousand dollars' worth of property and adequate support for herself and children. Expert opinion evidence was introduced to prove the value of the complainant's services at between $500 and $750.

The respondent-wife denies any agreement to pay solicitor's fee in excess of the $150 which was agreed to by the husband, decreed by the court, and received by the complainant in this cause.

The reasonable inferences to be drawn from the conflicting testimony lend themselves to various interpretations. We have nothing before us but the cold record. The Chancellor, who heard the testimony ore tenus, was in the advantageous position of observing the witnesses and assaying the amount of probative force to be given their testimony. The Chancellor's conclusions, and his decree rendered thereon, therefore, have the force and effect of a jury verdict, and cannot be disturbed by us unless they were palpably wrong. Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Hancock v. Taylor, 246 Ala. 521, 21 So.2d 308; Stariha v. Hagood, 252 Ala. 158, 40 So.2d 85.

We are not blind to the overtones of this cause, and are well aware that if a reconciliation had not taken place between husband and wife that the respondent Annie Wiley Sykes might well have maintained a more generous attitude toward her solicitor.

But this is not an action quantum meruit, but is a suit for $600 attorney's fee "as expressly agreed upon". The question of whether this fee was "expressly agreed upon" was submitted to the Chancellor who,

after hearing the evidence ore tenus, was not satisfied that the complainant had borne the burden which the law placed upon him to establish this express contract.

The Chancellor's decree of 13 August 1953 is therefore due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.