134 So.2d 777

Gary JORDAN

v.

CONSERVATION & LAND CO., Inc., et al.

1 Div. 954.

Supreme Court of Alabama.

Nov. 16, 1961.

Hamilton, Denniston, Butler & Riddick, Pillans, Reams, Tappan, Wood & Roberts and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellees.

D. R. Coley, Jr., and Jere Austill, Jr., Mobile, for appellant.

**STAKELY, Justice.**

This litigation involves the title and ownership of 160 acres of real estate located in Mobile County, Alabama. The case was tried orally before the court on the bill of complaint as amended filed by Gary Jordan (appellant) and the answers of Conservation & Land Co., Inc. and others respectively (appellees) and comes to this court from a final decree dismissing the bill with prejudice. The purpose of the bill as amended is to set aside a deed from Gary Jordan, a widower (complainant) to C. C. Huxford and R. G. Orvin dated May 2, 1931 and recorded May 12, 1931 on the ground that such deed is a forgery and to determine that the complainant is now in the adverse peaceable possession of the suit property under claim of ownership and has been in such possession for more than 20 years prior to the institution of this suit. The rights of the various respondents either as to surface rights or as to mineral rights all stem from the deed to which we have referred.

It is undisputed that the complainant, Gary Jordan, went into possession of the suit property under a warranty deed from Andrew Byrd dated April 27, 1928 which was duly recorded in the office of the Judge of Probate of Mobile County, Alabama on May 12, 1931. The testimony in the case shows that the complainant is illiterate, does not read or write and did not read or write in April 1928 when he received the deed from Andrew Byrd. According to his testimony, in the latter part of February or the first part of 1931 he was indebted to one R. G. Orvin in the sum of $80 and because of this indebtedness he made a timber deed to R. G. Orvin of the suit property for a period of 25 years, the consideration for such sale being $80 plus the assumption on the part of R. G. Orvin of the payment of "all taxes now due and all taxes to become due during the life of this contract." A copy of the timber deed was introduced in evidence although the copy was not executed.

According to the complainant the timber deed was delivered to R. G. Orvin who was supposed to have it recorded in the Probate Court of Mobile County, Alabama. Simultaneously with the delivery by him of the timber deed to R. G. Orvin he entrusted to R. G. Orvin the original unrecorded warranty deed to him from the aforesaid Andrew Byrd for the purpose of recording the same. R. G. Orvin recorded or caused to be recorded the deed from Andrew Byrd to complainant on May 12, 1931 but never recorded the timber deed. According to the testimony of the complainant one of the respondents, Gerald C. Coggin, acting by or through his agents, servants or employees or the respondent Conservation & Land Co., Inc. acting by or through its agents, servants or employees wrongfully claiming to own an interest in the lands, unlawfully trespassed upon the lands and cut timber thereon. Thereupon according to the complainant he employed counsel who then acting for the complainant searched the records of the office of the Judge of Probate of Mobile County, Alabama and determined and advised the complainant there was no

timber deed of record but instead there was on record what purported to be a warranty deed executed by the complainant which was the first knowledge that complainant had that any one claimed an interest in the fee estate in said lands as against the complainant.

All of the respondents (appellees) admitted that Gary Jordan prior to the year 1931 had title to the suit property but claimed that the lands involved were conveyed in 1931 by Gary Jordan by deed to C. C. Huxford and R. G. Orvin. Each of the respondents denied that this deed from Gary Jordan to C. C. Huxford and R. G. Orvin was a forgery. They denied that the complainant, Gary Jordan, had possession of the lands since the aforesaid deed from Gary Jordan to C. C. Huxford and R. G. Orvin had been executed and alleged affirmatively that they or their predecessors in title subsequent to the aforesaid deed had been in possession of the lands and had paid the taxes thereon.

■ I. We think it is clear from the evidence that the deed from the complainant to C. C. Huxford and R. G. Orvin was genuine and not a forgery. Mrs. Ina Belle Templin, witness for the complainant, the notary public who attested the deed and who took the acknowledgment of the deed, testified as to its execution, attestation and acknowledgment. Mr. William B. Inge testified that the deed had been prepared in his office and that he found his office copy. He further identified the signatures of Mrs. Templin and C. C. Inge, his former associate in the practice of law, who also appears as a witness on the deed and who is now deceased. It is true that complainant testified that he did not sign the deed. Yet while Mrs. Templin could not remember the incident when she took the acknowledgment, she testified that she certainly did take the acknowledgment. The deed was executed by the complainant by mark near his name. Where there is intention on the part of the grantor to execute a deed the making of his mark is the act of the grantor and is his

signature to the instrument. Lewis v. Watson, 98 Ala. 479, 13 So. 570, 22 L.R.A. 297; Nashville, C. & St. L. Ry. v. Nance, 212 Ala. 22, 101 So. 825. The testimony of a notary that the attestation and acknowledgment of an instrument is in his handwriting is sufficient evidence of the execution of the instrument even though he does not remember the particular transaction or circumstances. Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803; Mitchell v. Bottoms, 228 Ala. 225, 153 So. 424. It is further settled that the certificate of a notary unless and until impeached is conclusive of the facts therein stated which the officer is by law authorized to state and to impeach it the evidence should be clear and convincing, reaching a high degree of certainty, leaving in the mind no fair, just doubts. Porter v. Roberson, 263 Ala. 294, 82 So.2d 244; Hodges et al. v. Beardsley et al., 269 Ala. 280, 112 So.2d 482. See also Ford v. Fanché, 272 Ala. 348, 131 So.2d 852.

The deed appears on its face and according to complainant's bill of complaint to be dated May 2, 1931 and was recorded in the office of the Judge of Probate of Mobile County, Alabama, on the 12th day of May 1931. This court has said that the execution and acknowledgment and prompt recordation of a deed is prima facie evidence of its due execution imposing on one attacking such deed as a forgery to show that the deed was a forgery by clear and convincing evidence, reaching a high degree of certainty, leaving upon the mind no fair, just doubts of the truthfulness of such fact. Freeman v. Blount, 172 Ala. 655, 55 So. 293; Chapman v. Turner, 255 Ala. 423, 51 So.2d 867.

We call attention to the fact that there is no allegation in the bill impeaching the acknowledgment by the notary public. This court has often held that probata is not sufficient unless it is preceded by appropriate allegata. Swendick v. Swendick, 221 Ala. 337, 128 So. 593; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Indian Refining Co. v. Marcrum, 205 Ala. 500, 88 So. 445.

■ II. We also agree that the complainant failed to prove the allegations of the bill concerning possession. There is no need to go into a detailed discussion of the evidence on this issue. It is sufficient to say that tendencies of the evidence showed numerous acts of possession by the various respondents and their predecessors in title which are inconsistent with the rights the complainant allegedly granted Orvin under the so-called timber lease.

R. G. Orvin, one of the grantees in the deed and the person who appears to have dealt with the complainant concerning the deed and the land, is deceased as is Mr. C. C. Inge, the attorney who drafted the instrument and who also witnessed it. These facts illustrate the soundness of the law in requiring a high degree of proof of the invalidity of the deed.

It is without dispute that none of the respondents participated in the alleged fraud and all are free from negligence. It appears that all of them paid good and valid consideration for the interest which they claim in the property.

■ We said that we would not enter into a detailed discussion of the evidence. We say this because the case having been tried orally before the court comes here with a presumption in favor of the findings of fact by the lower court. The court in its final decree stated the issues in the case to be as we have stated them. As we have often said the court was in the advantageous position of observing the witnesses and assaying the amount of probative force to be given their testimony. The law is well settled in this state that the conclusions and decree rendered by the lower court have the force and effect of a jury verdict and cannot be disturbed by the appellate court unless they are palpably wrong. Rogers v. Sykes et al., 262 Ala. 634, 80 So.2d 649; Hyatt et al. v. Compton, 262 Ala. 649, 80 So.2d 650.

We are not willing to say that the decree of the trial court is palpably wrong and therefore we consider that the decree of the lower court should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.