In the case before us we are asked to decide whether the rule regarding the proof necessary to set aside a deed, based on plaintiffs' claims that the deed was forged and that they are the lawful heirs of the original owner, was complied with sufficiently so as to uphold the trial court's order dismissing plaintiffs' petition for sale for division. We find that the trial court correctly complied with the rule and therefore affirm.
Plaintiffs, Frankie Lee Thompson and Arthur Thompson, claim to be the lawful heirs of Jim Thompson, their paternal grandfather, whose estate consists of 156 acres of land in Russell County, Alabama. At issue here is a deed executed by plaintiffs' mother, Fannie Thompson, conveying any and all interest she had in the Jim Thompson estate to Hattie M. Hurt and Minnie Mitchell. That deed purports to carry the signatures of Frankie Lee Thompson and Arthur Thompson. The defendants in this case include Oolie Charlie Mitchell, son of Minnie Mitchell, and all other heirs who claim an interest in the Jim Thompson estate.
Fannie Thompson died in 1972. In 1974, plaintiffs, children of Fannie, petitioned the Circuit Court of Russell County to decree that they are the legitimate heirs of Jim Thompson, with an undivided interest in his estate, and to order the property in his estate sold for division. The circuit court dismissed the petition after taking all testimony on the matter. Plaintiffs appeal from that judgment of dismissal.
The deed in evidence contains the mark of Fannie Thompson, and the signatures of plaintiffs, evidencing its execution by them as grantors. In a column next to these signatures appear the signatures of four witnesses, two of which attest the mark of Fannie Thompson, and one witness each attesting the signatures of Frankie and Arthur Thompson. The form of this deed complies with Tit. 47, § 22, Code of Ala. Fannie Thompson's mark is also properly acknowledged by a notary public. The deed was filed for record in the Russell County Probate Office on November 26, 1949, and recorded the same day; it was rerecorded on February 6, 1973.
This court has said that proper execution and recordation of a deed is prima facie evidence of its due execution and one attacking such a deed as a forgery must show that it was a forgery by clear and convincing evidence, reaching a high degree of certainty, leaving no doubt of the truthfulness of such fact. Jordan v. Conservation Land Co., 273 Ala. 99,134 So.2d 777 (1961); Freeman v. Blount, 172 Ala. 655, 55 So. 293
(1911). One seeking to have a deed declared invalid must show by clear and convincing evidence the facts relied upon to demonstrate the invalidity; and that party seeking to have the deed set aside bears the burden of proof. Chapman v. Turner,255 Ala. 423, 51 So.2d 867 (1951).
The only evidence presented by plaintiffs in support of their contention that the deed is a forgery is their oral testimony denying that they signed the deed, that they did not know the person who witnessed the deed, and that they had never received any consideration for the deed. They contend, but put forth no evidence to show, that the last two witnesses' signatures attest only to the signature of Arthur Thompson and no witness attests to Frankie's signature.
The trial court was in the best position to observe the witnesses and to assay the amount of probative force to be given their testimony. The conclusions and decree rendered by the lower court, when the case is heard ore tenus, have the force and effect of a jury verdict and cannot be disturbed by the appellate court unless they are palpably wrong. San-AnnService, Inc. v. Bedingfield, 293 Ala. 469, 305 So.2d 374
(1975).
The trial court made no statement of findings of fact in its order dismissing *Page 1319 
the petition for sale for division. Even so, after studying the record and transcript before us, we find there was sufficient evidence upon which the trial court could base its conclusion that, assuming plaintiffs are the lawful heirs of Jim Thompson, plaintiffs had not placed before the court evidence of proper weight and sufficiency as to require the deed be declared invalid.
We affirm the decree of the trial court dismissing plaintiffs' petition.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.