MADDOX, Justice.
This appeal involves an effort by Ola G. Briggs, as guardian of Mazie Glass, to set aside a deed executed by Mazie Glass to Almon W. Glass on the ground that the deed was forged. The dual issues presented for review are whether in acknowledging a deed, the failure of a notary public to ascertain the identity of the signatory invalidates the instrument and whether the evidence presented in this case was sufficient to overcome the presumptive validity of an acknowledged deed. We affirm the decision of the trial court.
On August 29, 1973, Almon W. Glass, father of defendants below, and brother of Mazie Glass, plaintiff below, entered the office of attorney L. F. Gerald, Jr., with a lady he introduced as Mazie Glass. The lady requested Mr. Gerald to prepare a deed conveying 63 acres of land in Chilton County to Almon Glass. Mr. Gerald knew Mr. Glass and had represented him on several occasions; however, he did not know Mr. Almon W. Glass’s sister. Although the notary public who acknowledged the deed did not request any identification of the lady signing the deed, the lady was introduced by Almon Glass as being Mazie Glass, his sister. The deed was signed on August 29, 1973, and recorded in the Chilton County probate office the same day.
Mazie Glass, suing through her guardian, Ola Briggs, maintained that she was unable to sign the deed in 1973, because of an operation she had in 1970. While there was no dispute that she was physically incapacitated for a period of time, there was testimony that within three years after the operation, she was able to speak, walk, garden *47 and attend to household affairs. Although it was disputed as to whether Mazie Glass could write at some point following her operation, it was undisputed that an adequate sample of her signature either before or after the operation could not be obtained in order for a handwriting expert to determine if the signature on the deed was the signature of Mazie Glass. The handwriting expert reported at the trial that he could not give any statement as to whether the signature was or was not the appellant’s signature.
The appellees, as defendants, stipulated that the property was not assessed in the name of Almon Glass during his lifetime, but was assessed by the appellees following the death of their father in 1977 (the deed had been found among the personal effects of the deceased). Mazie Glass remained in possession of the property until the date of this suit and no previous effort was made by Almon Glass or any person claiming under him to dispossess her.
Several witnesses appeared in behalf of the parties; however, the evidence presented in support of their positions, though credible, was contradictory. The trial court, which heard the case ore tenus, denied relief. This appeal followed.
The appellees deny that the signature of the grantor on this deed is forged and rely heavily on the presumption accorded a deed which appears to be properly signed and acknowledged and recorded. This Court has ruled previously that acknowledgment and prompt recordation of a deed is prima facie evidence of its due execution. Jordan v. Conservation and Land Company, 273 Ala. 99, 102, 134 So.2d 777 (1961); Thompson v. Mitchell, 337 So.2d 1317, 1318 (Ala.1976). The appellant argues convincingly, however, that acknowledgment raises no presumption where the evidence shows that the notary “did not personally know or identify” the party executing the deed.
In the early case of East Tennessee, Va. & Ga. Ry. Co. v. Davis, 91 Ala. 615, 8 So. 349 (1890), the Court, with regard to the acknowledgment of written instruments, held:
“The statute, § 1802, [Code 1886], furnishes the form of the certificate of acknowledgment. That form is as follows: T,-, hereby certify that_, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day, that being informed of the contents of the conveyance, he executed the same voluntarily on the day the same bears date.’
“It will be observed that, in this certificate, the officer certifies certain things as facts within his knowledge. Thus, he certifies as facts that he knows the person whose name is signed to the conveyance, and that that person was before him on the day mentioned in the certificate.” (Emphasis supplied.)
91 Ala. at 622, 8 So. 349. Fifty years later, the Court ruled:
“[T]wo elements are essential to the validity of a certificate to a conveyance of land, or a mortgage against land: (1) it must clearly identify the person who executed the conveyance; and (2) it must show the person making the acknowledgment appeared in person before the officer taking the acknowledgement and was personally known to him or was identified to him, as the statute directs, as the individual who executed the instrument.” (Citations omitted.) (Emphasis supplied.)
Thomas v. Davis, 241 Ala. 271 at 275-276, 2 So.2d 616 (1941). More recently, the Alabama Court of Criminal Appeals addressed this issue in Ardis v. State, 380 So.2d 301 (Ala.Cr.App.1979), observing that:
“The forms by which ‘conveyances and instruments of every description admitted to record’ are to be acknowledged are found in § 35 — 1-29, Code of Alabama 1975. The statute clearly requires the notary to certify that the person seeking the acknowledgment ‘is known to me.’ (Emphasis supplied.) Moreover, Alabama cases have held that, where the form of an acknowledgment did not state that the person who executed the conveyance was personally known or identified to the officer taking the acknowledgment, the conveyance was invalid as evidence. *48 Thomas v. Davis, 241 Ala. 271, 2 So.2d 616 (1941); Davidson v. Alabama Iron & Steel Co., 109 Ala. 383, 19 So. 390 (1896); East Tennessee V. & G. Ry. Co. v. Davis, 91 Ala. 615, 8 So. 349 (1890). Cf. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966) (Notary has duty not to negligently acknowledge).” (Emphasis supplied.)
380 So.2d at 304.
After reviewing the facts in this case, we hold that the identification provided the notary taking the acknowledgment was sufficient to make it a valid one. The person who signed the deed was identified to the notary by Almon Glass as Mazie Glass, his sister. Furthermore, the notary was the secretary of the attorney who prepared the deed and he testified that he was acquainted with Almon Glass.
The next issue is the purported forgery of the deed. Where a deed is attacked as a forgery, the Court requires the attacking party to “show that it was a forgery by clear and convincing evidence, reaching a high degree of certainty, leaving no doubt of the truthfulness of such fact.” Thompson v. Mitchell, 337 So.2d 1317, 1318 (Ala.1976). Moreover, this Court has held that:
“[W]here the record shows that a case is tried by the court, without a jury, and judgment rendered absent special findings of fact, or a request therefor, the conclusion of the trial judge will be affirmed unless clearly erroneous, or manifestly unjust, if fairly supported by credible evidence under any reasonable aspect.”
Hill v. Delchamps Food Stores, 294 Ala. 14, 16, 310 So.2d 871 (1975); See San-Ann Service, Inc. v. Bedingfield, 293 Ala. 469, 473, 305 So.2d 374 (1975). The presumption of correctness afforded the trial court in these instances, however, is not an irrebuttable one, See Jacoby v. Bell, 370 So.2d 278, 280 (Ala.1979), and appellants urge that the verdict of the trial court here is clearly erroneous and must be reversed. We are convinced, after reviewing the testimony of all the witnesses and other evidence contained in the record, that the judgment of the trial court is supported by competent evidence. The evidence offered by the appellants that the deed was a forgery fails to achieve the “high degree of certainty, leaving no doubt of the truthfulness of such fact” standard that is required to invalidate an acknowledged instrument. Thompson v. Mitchell, 337 So.2d at 1318.
Therefore, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.