This appeal comes from a final judgment of the Circuit Court of Marion County in favor of the plaintiff, Carl H. Decker. Decker sued W.S. Satterfield on a promissory note for $60,000.00. Satterfield answered, stating that he never received any money from Decker in consideration for the execution of the note, and did not owe Decker anything. After hearing the evidence without a jury, the court granted judgment for the plaintiff in the full amount of the note, plus 10% interest and 10% attorney's fee, as provided in the note. Satterfield then filed a motion for new trial, a motion for findings of fact, or, in the alternative, to alter, amend or vacate the judgment, and a motion for involuntary dismissal. The court failed to rule on any of the motions within ninety days, and they were deemed denied pursuant to Rule 59.1, A.R.Civ.P.
The defendant raises two issues on appeal:
 1. Did the trial court err to reversal in failing to grant the defendant's post-trial motion for findings of fact?
 2. Was the evidence presented at trial insufficient to support the judgment of the trial court?
We answer both questions in the negative, and affirm.
The background of the lawsuit is as follows:
On November 6, 1978, Satterfield entered into a written employment contract with Marvin Storm. Storm was to work for the Cherokee Company, of which Satterfield was the sole owner. Under the terms of the contract, Storm was to negotiate and secure financing and do other acts required to pursue the claims of certain Indians in Canada, as well as run the day-to-day operations of the Cherokee Company. Storm was a partner in Control Financial Group (Control). Another partner of Control contacted Decker with regard to securing financing for the Cherokee Company, and Decker agreed to lend Satterfield $60,000.00. Satterfield evidently anticipated that another $40,000.00 would be forthcoming from Decker, because on December 11, 1978, Satterfield executed two promissory notes in favor of Decker, one for $60,000.00 and one for $40,000.00. The notes were payable in full, with interest, two years from the date on which they were executed. At the same time he executed a pledge agreement, pledging 250 shares of stock in Southeastern Pottery Company. Satterfield indicated that the stock was worth $300,227.99. The Southeastern Pottery Company was dissolved by Satterfield on March 29, 1980.
On December 12, 1978, Decker wrote a check payable to Control for $60,000.00. The check stated on its face: "for financing Indian land claims in Northern Alberta." Control deducted a finder's fee of $7,500.00 and wrote a check payable to the Cherokee Company for $52,500.00. Storm, along with Janie Barrilliaux, who is Satterfield's sister and an officer of the Cherokee Company, and Cindy Barrilliaux, who is Satterfield's niece and also an officer of the company, took this check to a bank and opened an account in the name of the Cherokee Company. Storm states that this was done at Satterfield's direction. Satterfield says that he never saw the check. The evidence shows that checks on this account, which had to be signed by two of the three people opening the account, were written to pay, among other things, Storm's salary for one month of $15,000.00, Storm's expenses in going to Canada of $3,000.00, and $15,000.00 to Indian chiefs. Satterfield acknowledged during the trial that he personally received checks from the account for $10,000.00 and $5,000.00.
Storm's employment contract with the Cherokee Company was terminated by Satterfield in February of 1979. *Page 508 
A letter from Satterfield to Decker written May 9, 1979, on Cherokee Company stationery, was introduced into evidence. This letter states in pertinent part:
 This will confirm our telephone conversation of March 5, 1979 and May 10, 1979, wherein I advised you that I was still interested in completing the transaction wherein you are to lend me an additional $40,000.00, making a total loan of $100,000.00. As we advised you, if the total commitment is not funded, the transaction in which the money was to be used might not be able to be completed, resulting in a large loss to me.
Satterfield testified that he had filed suits against Decker, Storm and Control to have the notes set aside. These suits are evidently pending in California and Texas.
We look first to the issue of whether the trial court was in error in failing to grant Satterfield's motion for findings of fact. Rule 52 (a), A.R.Civ.P., states:
 In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58. . . .
Satterfield has cited to us no statute requiring findings of fact in this case, and we know of none. Thus, we conclude that, under the rule, the trial court has the discretion to decide whether to grant the request for findings of fact. Rule 58 (b), A.R.Civ.P., states that the judgment of the trial court will be sufficient if it indicates an intention to adjudicate considering the whole record, and if it indicates the substance of the adjudication. The judgment in this case meets the above standards, and, thus, is sufficient under Alabama law.
As to the question of the sufficiency of the evidence, our standard of review of cases heard ore tenus has been stated many times. Where a trial court, sitting without a jury, hears evidence ore tenus, its judgment will not be disturbed on appeal unless it is plainly and palpably erroneous. Haynie v.Byrd, 429 So.2d 973 (Ala. 1983); Zirlott v. Radcliff,406 So.2d 879 (Ala. 1983); Caudle v. Ellison, 401 So.2d 38 (Ala. 1981). The trial judge was in a position to listen to the witnesses and observe their demeanor. We do not deem it necessary to set out in detail the conflicting testimony elicited at trial. We find that a review of the record discloses ample evidence to support the trial court's decision holding Satterfield liable under the terms of the promissory note. Therefore, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.