ADAMS, Justice.
Louise B. Cade died in 1975. She was survived by five children, Willie James Cade, Mary Louise Craig, Wash Cade, Jr., Lula Johnson, and Monica Cade, a minor. Willie James Cade was appointed administrator of her estate in 1979 by the Probate Court of Mobile County. Later, this action, commenced by Wash Cade, Jr., to require Willie James Cade, as administrator of the estate of Louise B. Cade, deceased, to sell or account for the use of two parcels of realty, was removed to the circuit court of Mobile County.
Wash Cade, Jr., Lula Johnson, and others appeal from the judgment of the circuit court declaring Willie James Cade to be the sole owner of all right, title, and interest in certain property, herein referred to as the “Cone Street property,” of which Louise B. Cade and her deceased husband, Wash Cade, Sr., were the record title holders. They raise two issues:
1. Whether Willie James Cade is es-topped from claiming ownership of the Cone Street property in this judicial proceeding as a consequence of having disclaimed ownership in an earlier divorce proceeding.
2. Whether the trial court erred in declaring that the Cone Street property is not a part of the estate of Louise B. Cade, deceased.
We decline to address the first issue raised by appellants. Though parts of Willie James Cade’s testimony at trial would seem to provide a factual basis for the assertion of estoppel by his having assumed an inconsistent position in another case, it is clear that appellants did not raise the issue in the trial court. Therefore, they are precluded from raising it on appeal. City of Rainbow City v. Ramsey, 417 So.2d 172, 174 (Ala.1982); Haskew v. Bradford, 370 So.2d 259, 262 (Ala.1979).
The facts of this case that are relevant to our determination of the second issue raised by appellants are as follows:
In 1962, Louise B. Cade and Wash Cade, Sr'., agreed to be the named grantees on the record title for the Cone Street property, for the purchase of which they gave a note and mortgage to Cobbs, Allen and Hall Mortgage Company, Inc. Willie James Cade and Mary Louise Craig testified that their parents acquiesced in this arrangement because Willie was unable to secure a loan for the purchase price of the property, which was $11,000.00. They also testified that Willie made the down payment of $700.00 for the property; appellants Wash Cade, Jr., and Lula Johnson testified that the down payment was made by Wash Cade, Sr. Additionally, both Willie and Wash Cade, Jr., testified that Willie was obliged to make all payments due on the note given by his parents, and that he was not required to pay rent for his use of the Cone Street property. Willie has lived on the property since its purchase in 1962.
It is undisputed that Willie made each monthly payment on the note when it was due. He also paid all ad valorem taxes and property insurance premiums for the property, and made extensive improvements thereto.
Willie secured an insurance policy on the life of his mother Louise B. Cade. He paid all premiums for the continuation of the policy. Upon the death of Louise B. Cade, the remaining balance of the mortgage indebtedness was retired with the proceeds of the policy.
*450 Louise B. Cade and Wash Cade, Sr., made arrangements for a homeplace for their daughter, Lula Johnson, similar to those discussed above. They also had attempted to provide a home for Willie before the acquisition of the Cone Street property, but Willie had defaulted on a loan necessary for the purchase.
The appropriateness of the trial court’s judgment finding Willie to be the sole owner of all right, title, and interest in the Cone Street property depends upon whether he was entitled to have a resulting trust impressed on the property for his benefit. Based on our review of the appropriate law, which was not addressed by either party to this appeal, we conclude that the trial court’s judgment in Willie’s favor is due to be affirmed.
The case of Shirley v. McNeal, 274 Ala. 82, 145 So.2d 415 (1962), most clearly supports our conclusion in this case. In Shirley v. McNeal, this court recited the law that is applicable to the facts at hand. The court stated that in the case of “... a party to such purchase, who makes the cash payment, or his aliquot portion thereof, and becomes absolutely bound for the deferred installments, and thereafter pays the same, the deed being taken in the name of another, a resulting trust arises.” Shirley v. McNeal, 274 Ala. at 87, 88, 145 So.2d at 420. This court further stated that the facts which give rise to a resulting trust must be demonstrated with “full, clear and satisfactory” evidence. Id.
The trial judge listened to numerous witnesses’ extensive testimony concerning the ownership of the Cone Street property. There was considerable testimony to the effect that Willie made the down payment, though there was some evidence to the contrary. Moreover, both Willie and Wash Cade, Jr., indicated that Willie was obligated to pay the deferred installments on their father’s note.
Having reviewed the transcript of the testimony at trial, we think that there was clear and convincing evidence to support the trial court’s decision to exclude the property from the estate of Louise B. Cade, deceased. It was not manifestly unjust or palpably erroneous for the trial court to conclude that the property was deeded to Louise Cade and Wash Cade, Sr., merely as an accommodation for the appellee. See Satterfield v. Decker, 437 So.2d 506, 508 (Ala.1983); Haynie v. Byrd, 429 So.2d 973, 975 (Ala.1983). Therefore, we think the trial court’s decision to vest record title in Willie is due to be affirmed. Shirley v. McNeal, 274 Ala. at 88, 145 So.2d at 420.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.