MADDOX, Justice.
Appellee Elzirah P. Finley filed this action to quiet title to some 90 acres of real property in Shelby County to which she claims title as an heir of Laura J. Pearson. Appellee acquired her brother’s interest in the subject property by warranty deed in 1976; thus, she claims sole ownership of the property. Appellants contested her title, claiming that the deed conveying title to Laura Pearson was invalid because the grantors’ signatures were forged. The trial court, hearing evidence without a jury, found the signatures to be genuine and upheld appellee’s claim to title. We affirm.
Appellants are the children of Henry Ab-bie Finley, who acquired title to the subject property by warranty deed on January 27, 1919. Appellants claim that Henry Finley never conveyed title to anyone else, and thus that the property passed to them as his heirs; however, the Shelby County Probate Court records show that a deed from H.A. Finley and wife “Alice” Finley to Laura J. Pearson was filed on November 19, 1920. Evidence at trial revealed that Henry Finley’s only wife was named Elsie Georgeann Finley, not “Alice.” The trial court noted that this discrepancy was “somewhat puzzling,” but held that it was not enough, either alone or with other evidence, to convince the court that the signatures were forgeries.
I
Appellants’ main contention on appeal is that the trial court erred in finding the signatures on the deed to be genuine. Appellants’ sole evidence of forgery consists of the testimony of two witnesses. Sylvester David Finley, the son of Henry and Elsie Georgeann Finley, testified simply that his mother did not sign her name “Alice,” and that she had never been called “Alice.”[1] Ulysses Grant Finley, appellants’ other witness, testified that sometime in 1920, Jim Pearson, Laura’s husband, attempted to purchase the property in question. At that time, Henry Finley refused to sell and threatened Elsie with a poker if she signed the deed. He also threw some money offered by Jim Pearson into a fire and refused to let anyone retrieve it. This evidence, appellants contend, shows that Henry never intended to sell and that Laura Pearson or someone else must have forged the signatures.
We begin by noting that the trial court heard this case without a jury. Thus, the ore terms rule applies. It has long been the rule in Alabama that where a trial court hears evidence presented ore terms, its findings are presumed to be correct and its judgment based on those findings will *1180 not be disturbed on appeal unless it is plainly and palpably erroneous and against the great weight of the evidence. Satterfield v. Decker, 437 So.2d 506 (Ala.1983); Cherokee Insurance Co. v. Frazier, 406 So.2d 881 (Ala.1981). The trial court’s judgment will be affirmed if under any reasonable aspect of the evidence there is credible evidence to support the judgment. Jones v. Jones, 470 So.2d 1207 (Ala.1985). The deed from H.A. Finley to Laura J. Pearson appears on its face to have been properly signed, acknowledged, and recorded. Acknowledgment and prompt rec-ordation of a deed is prima facie evidence of proper execution. Proof of forgery must be shown by “clear and convincing evidence reaching a high degree of certainty, leaving no doubt as to the truthfulness of such fact.” Briggs v. Glass, 420 So.2d 46, 48 (Ala.1982). The evidence offered by appellants to the effect that H.A. Finley’s wife did not sign her name as it appears on the 1920 deed falls far short of the clear and convincing evidence required to impeach the official record and establish that the deed is a forgery.
The trial court found in its decree that “[Njeither this circumstance alone [the discrepancy in name] nor together with all the other evidence on the forgery issue convinces this court that the deed is a forgery. ... The court is simply not satisfied after a consideration of all the evidence, that the 1920 deed is a forgery.”
We do not feel that the findings of the trial court are plainly and palpably erroneous and against the great weight of the evidence; therefore, the judgment of the trial court is due to be affirmed on this point.
II
Appellants also contend that the deed from H.A. Finley to Laura J. Pearson is void for failure of consideration. Consideration for the conveyance was “Eight Hundred Dollars to the undersigned grant- or H.A. Finley by the assumption of the mortgage debt of grantor to R.M. Isbell in the amount of $800.00.” Appellants contend that the mortgage from R.M. Isbell to H.A. Finley is void because the property that was the subject of the mortgage was not conveyed until 20 days after the date of the mortgage and that because this mortgage is invalid, the assumption of it cannot be valid consideration for the deed from H.A. Finley to Laura Pearson. Regardless of the merits of this contention, it was not made at trial. This Court will not consider a theory raised for the first time on appeal. Rankin v. First National Bank of Alabama, 437 So.2d 503 (Ala.1983). Also, Rule 9(c), Ala.R.Civ.P., expressly requires that a party, in pleading to a preceding pleading, affirmatively set forth failure of consideration. Failure to affirmatively set forth any defense required to be affirmatively pleaded constitutes a waiver of such defense. Davis v. Miller, 352 So.2d 1357 (Ala.1977); Lacey v. Davis, 361 So.2d 543 (Ala.1978); Metropolitan Life Insurance Company v. Sullen, 413 So.2d 1106 (Ala.1982).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, and HOUSTON, JJ., concur.

. The original deed was not introduced into evidence. The instrument which was introduced was a certified copy of a page of a bound volume of blank forms on which the original document was copied by hand, apparently by someone in the probate office. Even this reported copy of the original deed contains an inconsistency. The wife’s name, as grantor, is spelled "Alsey” in three places on the instrument, and "Alice” in the signature block. If the original deed showed that the grantor’s name was indeed spelled "Alsey,” that is not phonetically too different from "Elsie.”