ALMON, Justice.
This Court granted Horace L. Thacker and E. Margaret Thacker’s petition for a writ of certiorari, to review the Court of Civil Appeals’ opinion affirming the summary judgment entered for Jessie Leon Tittle and Judy K. Tittle in the Tittles’ action against the Thackers to quiet title to certain real estate. See Thacker v. Tittle, 656 So.2d 806 (Ala.Civ.App.1994). The Thackers argue that the opinion of the Court of Civil Appeals conflicts with prior decisions of this Court holding that evidence showing that a deed has been recorded and is proper on its face is prima facie evidence of the deed’s validity. The issue is whether the circuit court erred in entering the summary judgment for the Tittles even though the Thackers had attached to their answer a copy of a recorded instrument styled “Warranty Deed,” which appears to give the Thackers record title to the property.
In their complaint to quiet title, the Tittles alleged that they owned the property in question by virtue of a warranty deed from the Thackers dated July 3, 1980, and recorded on that date (“the July deed”). The Thackers answered, alleging that they owned the property “in fee simple title by virtue of a warranty deed executed by [the Tittles] on September 19, 1980, selling and conveying said real estate to [the Thackers] ... [and] duly recorded in the Office of the Judge of Probate of Jefferson County, Alabama on *810 November 24,1980.” A copy of the September 19, 1980, instrument (“the September deed”) was attached to the answer as an exhibit. In answering the Thackers’ subsequent request for admissions, the Tittles admitted that the signatures on the September deed “are, in fact, their true and correct signatures.”
The Tittles moved for a summary judgment, supporting their motion with a copy of the July deed from the Thackers to the Tittles; a copy of a letter to Mr. Tittle from a financial institution stating that its mortgage on the property had been paid in full; and Mr. Tittle’s affidavit. In his affidavit, Mr. Tittle explains his version of the sale arrangement. Mr. Tittle states that in consideration for the July deed he and his wife assumed the Thackers’ mortgage and gave them a second mortgage. He asserts that the Tittles executed the September deed in an attempt to refinance with Collateral Investment Company because Mr. Thacker “wanted to get out of holding the second mortgage.” Mr. Tittle states that “[t]he [September] Warranty Deed which we executed ... was not notarized at the time” and that he “did not have any idea until recently that Mr. Thacker recorded this deed.” Additionally, Mr. Tittle states that “[w]hen we executed the [September] Warranty Deed, we told the people at Collateral Investment that we were the purchasers and not the sellers.”
The Thackers’ original counsel withdrew because of a potential conflict, before the summary judgment motion was filed. Subsequent counsel acquired a continuance for the hearing on the summary judgment motion, to acquaint himself with the file, but missed the hearing because of traffic delays. In opposition to the motion the Thackers filed nothing in addition to the items that were already on file. The Court of Civil Appeals held, and the Thackers concede, that the motion was taken under submission on the date of the hearing. The circuit court entered a summary judgment for the Tittles. The Thack-ers’ current counsel moved to alter, amend, or vacate that judgment; counsel also sought relief under Rule 60(b)(1), Ala.R.Civ.P., on the basis of excusable neglect. The circuit court denied the post-judgment motions.
The Court of Civil Appeals affirmed the summary judgment, based upon the absence of any submission in opposition to the summary judgment motion, and affirmed the denial of the post-judgment motion as being within the circuit court’s discretion. The Thackers argue that the September deed, a copy of which was filed in the circuit court with their answer to the Tittles’ complaint, along with the Tittles’ admissions, which also had been filed with the circuit court, were sufficient to create a genuine issue of material fact; therefore, they argue, the summary judgment was inappropriate.
Rule 56, Ala.R.Civ.P., states that, in opposition to a properly supported motion for summary judgment, “an adverse party may not rest upon the mere allegations or denials of his pleadings.” However, the copy of the September deed and the admissions, both properly submitted as evidence by the Thackers before the summary judgment motion was taken under submission, are more substantial than “mere allegations or denials.” The circuit court, in ruling on the motion for summary judgment, then, should have considered these submissions.
“Acknowledgment and prompt recor-dation of a deed is prima facie evidence of proper execution.” Finley v. Finley, 480 So.2d 1178, 1180 (Ala.1985); accord, Thompson v. Mitchell, 337 So.2d 1317 (Ala.1976). Mr. Tittle’s affidavit expressing his understanding of the sales arrangement, explaining how the September deed to the Thackers was a part of that arrangement, and questioning the validity of the September deed, does not alter the fact that the most recently recorded instrument relating to the property indicates that the Thackers owned the property. Thus, the September deed, together with the Tittles’ admission that their signatures on it were genuine, creates a genuine issue of fact as to the ownership of the property; that fact is material to the proper resolution of the dispute between these parties. Therefore, the Tittles were not entitled to a judgment as a matter of law. See Rule 56.
*811 The Tittles argue only that the Thackers’ certiorari petition does not comply with Rule 89, Ala.R.App.P.; they do not argue the merits. The opinion of the Court of Civil Appeals conflicts with this Court’s decisions in Finley and Thompson, supra, in that the September deed and the Tittles’ admissions constituted sufficient evidence to create a genuine issue of material fact and thus to defeat the Tittles’ motion for summary judgment. Therefore, the circuit court erred in entering the summary judgment for the Tittles, and the Court of Civil Appeals erred in affirming that judgment.
REVERSED AND REMANDED.
SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.