Rel: March 14, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0651

_____

### Ricia Nash

### v.

### Mattie Nash

### Appeal from Jefferson Circuit Court
### (CV-22-902147)

LEWIS, Judge.

Ricia Nash appeals from a summary judgment entered by the Jefferson Circuit Court ("the trial court") in favor of her mother Mattie Nash. We reverse the trial court's judgment and remand the cause for further proceedings.

Procedural History

On July 21, 2022, Mattie filed a petition against Ricia requesting that the trial court quiet title to certain property located in Jefferson County ("the property") and set aside an allegedly fraudulent conveyance of that property. On July 29, 2022, Mattie filed an amended petition. Mattie's petition, as amended, asserted that certain recorded deeds purporting to convey an interest in the property to Ricia were not signed by Mattie or by Mattie's deceased husband Charles Nash. She asserted that those deeds were "fraudulent conveyances." Mattie requested that the trial court "enter a judgment that [she] is the owner of [the property] in fee simple, free and clear of all claims, interest, liens or encumbrances."

Both parties filed motions for a summary judgment. Mattie submitted her own affidavit averring that neither she nor Charles had signed the deeds purporting to convey an interest in the property to Ricia. Ricia, on the other hand, submitted, among other evidence, a notarized quit claim deed dated April 11, 2017, ("the 2017 deed") bearing the purported signatures of Mattie and Charles conveying a life estate in the property to themselves with the remainder to Ricia. She also submitted

a notarized quit claim deed dated October 14, 2019, ("the 2019 deed") bearing the purported signatures of Mattie and Charles conveying the property to themselves and Ricia. Ricia also submitted the affidavit of Robert Jackson, who averred that he had witnessed Mattie and Charles sign the 2017 deed, and the affidavits of the notaries who witnessed the signatures on the 2017 deed and the 2019 deed, respectively.

On July 11, 2024, the trial court entered a judgment, stating, in pertinent part:

"A. That at the hearing … Mattie … was placed under oath and ore tenus testimony was received by the Court regarding her mental and physical status. [Mattie] was questioned by her attorney … as well as the attorney for [Ricia].… [Mattie] testified she did not sign a quit claim deed conveying the property made the basis of this lawsuit to her daughter Ricia.… Additional testimony and information satisfied this Court [that] she was more than competent to testify at trial despite her advanced age and debilitated physical disposition.

"B. Motion for Summary Judgment filed by … Mattie … is hereby granted.

"C. Mattie … is the rightful owner of the property made the basis of this lawsuit.…

"….

"E. Any quit-claim deed conveyance to Ricia … regarding the subject property of this lawsuit is held for naught."

3

On July 24, 2024, the trial court entered a "Final Judgment" in favor of

Mattie. On August 15, 2024, Ricia filed her notice of appeal to this court.[1]

Standard of Review

"'"This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So. 2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So. 2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So. 2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So. 2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12. '[S]ubstantial evidence is evidence of such weight and quality that fair minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'

---

[1]Because the 2017 deed to the property indicates that it was conveyed pursuant to consideration in the amount of $500, we conclude that the amount involved appears to be within this court's appellate jurisdiction. See Coprich v. Jones, [Ms. 2023-0675, June 21, 2024] __ So. 3d __ (Ala. 2024).

West v. Founders Life Assur. Co. of Fla., 547 So. 2d 870, 871 (Ala. 1989)."'

"Prince v. Poole, 935 So. 2d 431, 442 (Ala. 2006) (quoting Dow v. Alabama Democratic Party, 897 So. 2d 1035, 1038-39 (Ala. 2004))."

Brown v. W.P. Media, Inc., 17 So. 3d 1167, 1169 (Ala. 2009).

Discussion

On appeal, Ricia argues that Mattie's claim for fraudulent conveyance was improperly named. She also argues, although somewhat imprecisely, that the trial court should not have entered a summary judgment because the deeds were notarized and, thus, they were self-authenticating evidence of the validity of the conveyance.[2] We find the latter argument dispositive.

Our supreme court has held that

"the execution and acknowledgment and prompt recordation of a deed is prima facie evidence of its due execution imposing on one attacking such deed as a forgery to show that the deed was a forgery by clear and convincing evidence, reaching a high degree of certainty, leaving upon the mind no fair, just doubts of the truthfulness of such fact."

---

[2]We will consider whether the entry of the summary judgment was appropriate in light of this argument because "we are able to adequately discern the issue [the appellant] presents." See Kirksey v. Roberts, 613 So. 2d 352, 353 (Ala. 1993).

Jordan v. Conservation & Land Co., 273 Ala. 99, 102, 134 So. 2d 777, 780 (1961); see also Briggs v. Glass, 420 So. 2d 46, 48 (Ala. 1982) ("Where a deed is attacked as a forgery, the Court requires the attacking party to 'show that it was a forgery by clear and convincing evidence, reaching a high degree of certainty, leaving no doubt of the truthfulness of such fact.'" (quoting Thompson v. Mitchell, 337 So. 2d 1317, 1318 (Ala. 1976))). In this case, Mattie presented evidence, i.e., her own affidavit, indicating that she and Charles had not signed the deeds. However, as previously noted, Ricia presented the signed and notarized deeds, along with affidavits of the respective notaries to those deeds, in support of her summary-judgment motion. "[A]ll evidence of record … should be considered in ruling on [a summary-judgment] motion." Fountain v. Phillips, 404 So. 2d 614, 618 (Ala. 1981). Moreover, "'"'a court may not determine the credibility of witnesses on a motion for summary judgment.'"'" Dixon v. Board of Water & Sewer Comm'rs of the City of Mobile, 865 So. 2d 1161, 1166 n.2 (Ala. 2003) (citations omitted).

Because the evidence was clearly disputed concerning the validity of the deeds at issue, a summary judgment was not appropriate in this case. Therefore, we conclude that the trial court erred in entering a

6

summary judgment.  Accordingly, the trial court's judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.